This is an appeal and cross-appeal from a judgment of the Adams County Court of Common Pleas, which granted the parties a divorce, ordered a distribution of the marital and non-marital property and an allocation of the debts of the parties, and ordered Defendant-Appellant/Cross-Appellee David A. Garman, Sr. (Appellant) to pay spousal support to Plaintiff-Appellee/Cross-Appellant Barbara Ann Garman (Appellee).
In support of his appeal, appellant sets forth the following four assignments of error.
"FIRST ASSIGNMENT OF ERROR
 The trial court's decision, determination and order that appellee should be awarded spousal support at the rate of $541.66 per month beginning August 1, 1997 was arbitrary, unreasonable, prejudicial to appellant and against the manifest weight of the evidence.
"SECOND ASSIGNMENT OF ERROR
 The court's determination that title to and possession of a certain 1986 Supersport boat should be transferred to appellee, free and clear of any claim of appellee on the basis that it was a gift to plaintiff was against the manifest weight of the evidence, contrary to law, arbitrary and unreasonable and constitute an abuse of discretion.
"THIRD ASSIGNMENT OF ERROR
 The court's determination that it would not decide the issue between the parties relating to the 1996 federal and/or state tax return and neglecting to address that issue to any extent was prejudicial and plain error to the detriment and prejudice of appellant.
"FOURTH ASSIGNMENT OF ERROR
 In ordering appellee to pay for a 1992 Ford Crown Victoria automobile which was repossessed during the pendency of the action to appellant's detriment and which constituted financial marital [m]isconduct on the part of the appellee, the trial court committed reversible error on that issue."
In support of her cross-appeal, appellee sets forth the following five cross assignments of error.
"FIRST ASSIGNMENT OF ERROR
 The court's determination that the real estate should be awarded to the cross-appellee was arbitrary, unreasonable and against the manifest weight of the evidence, and constituted an abuse of discretion.
"SECOND ASSIGNMENT OF ERROR
 The finding of the court that the value of the real estate is $90,000.00 is not based on evidence.
"THIRD ASSIGNMENT OF ERROR
 The court's findings with regard to the financial contributions of each party in the real estate was against the manifest weight of the evidence.
"FOURTH ASSIGNMENT OF ERROR
 In allowing the cross-appellee to retain all of the retirement benefits flowing from the Group Annuity Contract established from proceeds paid from his former employer, the court abused its discretion.
"FIFTH ASSIGNMENT OF ERROR
 In awarding cross-appellee all of the farm equipment and the one-third interest in the tractor the trial court abused its discretion."
The facts that are relevant to the issues raised on appeal are as follows. The parties were married, after having been previously married and divorced, on November 25, 1978. No children were born issue of this marriage. Appellee filed her complaint for divorce on February 28, 1996, and appellant filed his answer and counter-claim on March 21, 1996. Following extensive proceedings as to temporary orders, the case proceeded to final hearing before a magistrate on the complaint and counter-claim on May 8 and July 9, 1997. On September 9, 1997, the magistrate filed his decision which, as applicable to the matters at issue in this appeal, found a) "Plaintiff, when working is paid $6.00 to $6.50 per hour; defendant earns $13.80 per hour at his regular employment and works forty hours per week," b) the 1986 Honda motorcycle titled to appellant is non-marital property, c) the motor vehicles and the farm tractor in appellant's possession at the time of the trial are to be his and that he shall be responsible for the balance of any debt owed thereon, d) appellant is to receive, free and clear of any claim by appellee, the Group Annuity Certificate No. 1 from appellant's former employment as well as the "resultant payment upon retirement," e) appellee is awarded one-half of appellant's 401K pension based on its value as of January 1, 1997, of $32,000 pursuant to a Qualified Domestic Relations Order, f) the 1986 Supersport boat had been a gift to appellee and therefore she is awarded title thereto, free of any claim of appellant, g) appellee is to receive the 1991 Ford Thunderbird and she is to be responsible for any debt owed thereon, and h) appellant shall make the balance of any payments due and be responsible for the deficiency judgment on the 1992 Ford motor vehicle that had formerly been appellee's.
As to the real property owned by the parties, the court found that "at the time of the appraisals" its fair market value was $90,000, without any debt owed thereon. The court found further that appellant "expended funds increasing the equity in such property, traceable to his inheritance from his mother, in the sum valued at $41,609.51 resulting in a net equity to be distributed to the parties of $48,390.49." The court ordered that appellant shall transfer all of her right, title and interest in the property to appellant and that appellant shall pay to appellee one half of the "net equity" in the amount of $24,195.24. The court stated that it "makes no order regarding the 1996 tax returns of the parties." The court also ordered that appellant is to pay spousal support to appellee in the amount of $541.66 for three years beginning August 1, 1997.
In any domestic relations action, the trial court must have broad discretion to fashion an equitable division of marital property and determine what, if any, spousal support is to be paid, based on the facts and circumstances of each case.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218. Such an award will not be reversed unless a reviewing court, after considering the totality of the circumstances, finds that the trial court abused its discretion. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67; Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore,supra, at 219. In reviewing such proceedings the court of appeals should not independently weigh evidence, but should be guided by the presumption that the trial court's findings are correct. Miller v. Miller (1988), 37 Ohio St.3d 71.
In his first assignment of error appellant claims that the court erred in ordering him to pay spousal support to appellee in the amount of $541.66 per month for three years. Appellant argues that, when considering appellee's income at $6.50 per hour for 40 hours per week and comparing his "net" income to hers, after he pays the spousal support order, she will have approximately $175.00 per month more available to her than he will have available to him.
Appellee testified that she was first married at age 15, never graduated from high school and had had four children by the time she was 20 years old. She stated that she spent most of her life since then raising children, taking care of the home and farm, and periodically working low paying part-time jobs. Appellee also testified to her need to have some income to help her live for a while until she can get her GED and become better qualified to work and support herself.
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof, cannot find that the trial court acted in abuse of its discretion when it ordered appellant to pay appellee spousal support of $541.66 per month for three years. Accordingly, appellant's first assignment of error is not well taken.
In his second assignment of error appellant claims that the trial court abused its discretion by ordering that the 1986 Supersport boat "should be transferred to appellee * * * on the basis that it was a gift to [her]." Appellant argues that the boat was titled in both of their names, that he paid it off with $7000.00 of his inheritance money and, therefore, it is a non-marital asset that belongs to him.
Both appellee and the parties' daughter, Tammy Bloom, testified that appellant repeatedly told them and other family members that he bought the boat for appellee and that it was not his boat but hers.
Upon consideration of the entire record of proceedings before the trial court, this court finds that the trial court did not abuse its discretion in awarding title to the 1986 Supersport boat to appellee. Accordingly, appellant's second assignment of error is not well taken.
In his third assignment of error appellant claims that the trial court committed "plain error to the detriment and prejudice of appellant" when it failed to address the issue of the parties' 1996 tax returns. Appellant argues that the court should have granted his request that it order appellee to file joint tax returns with appellant for 1996, which would have allowed him to save certain amounts of money on his tax obligations for that year.
Upon consideration thereof, this court finds that by its express decision to make no order as to the parties' 1996 tax returns the court effectively denied appellant's request for an order for appellee to file joint returns and that, in doing so, the court acted within its lawful discretion. Accordingly, appellant's third assignment of error is not well taken.
In his fourth assignment of error appellant appears to be claiming that the trial court erred by ordering him to pay the balance payable for the 1992 Ford Crown Victoria automobile which was in appellee's possession when it was repossessed. It is clear from the record herein that appellant had been ordered to make the payments on the vehicle and that, as a result of his failure to do so, the bank ordered appellee to surrender the car to it.
Upon consideration thereof, this court finds that the trial court did not abuse its discretion when it ordered that appellant is responsible for the balance owing for the Ford Crown Victoria automobile. Accordingly, appellant's fourth assignment of error is not well taken.
Appellee's first, second and third cross-assignments of error go to the trial court's order as to the disposition of the real property owned by the parties and, therefore, will be considered together.
In her first assignment of error appellee claims that the trial court abused its discretion when it determined that the real estate "should be awarded to [appellant]." In her second assignment of error appellee claims that the court's valuation of the property at $90,000 "is not based on evidence." In her third assignment of error appellee claims that the court's findings as to financial contributions made by each of the parties to the real estate are "against the manifest weight of the evidence."
In arriving at its decision the court sought, as stated in its judgment entry, a "reasonable disposition of property so that inefficiency and waste is minimized, equity to the parties is realized, and resolution of this entire matter may take place so that the parties have minimal future contact regarding issues of property." In doing so the court found that "the sale of any real or personal property * * * would realize less in cash than the real, actual, and perceived value of the property to the parties." In determining an equitable division of the real property it was within the court's discretion to order the property sold, which would result in a probable loss to both parties; order that appellee is to retain the property and buy out appellant; or order that appellant is to retain the property and buy out appellee.
As to valuation, the court had evidence before it of the value of the property that ranged between $98,000 and $80,000. Appellee's arguments as to this assignment of error go to the weight of that evidence. As set forth above, this court may not independently weigh evidence or substitute its judgment for that of the trial court in evidentiary matters.
As to the court's determination regarding the contributions that each made to the real property, there was testimony presented as to amounts that appellant put toward the property that came directly from his $77,800 inheritance from his mother, a substantial portion of which was acknowledged by appellee. Again, appellee's argument appears to go to the weight of that evidence.
Upon consideration of the entire record of proceedings in the trial court, this court cannot find that the trial court abused its discretion in its disposition of the real property of the parties. Accordingly, appellee's first, second and third cross-assignments of error are found not well taken.
In her fourth assignment of error appellee claims that the trial court abused its discretion by awarding to appellant "all of the retirement benefits flowing from the Group Annuity Contract established from proceeds paid from his former employer."
In her fifth assignment of error appellee claims that the trial court abused its discretion by awarding appellant all of the farm equipment.
It is within the sound discretion of the trial court to determine what constitutes an equitable division of property.Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. In reviewing the record of proceedings before the trial court and the court's distribution of property and allocation of debts of the parties as a whole, this court cannot find that the trial court abused its discretion by awarding the benefits of the Group Annuity Contract and the farm equipment to appellant in order to achieve an overall equitable distribution of the assets of the parties.
Accordingly, appellee's fourth and fifth cross-assignments of error are not well taken.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J. Concur in Judgment and Opinion
For the Court
 BY --------------------------- Charles D. Abood, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Charles D. Abood, retired judge of the Sixth District Court of Appeals, sitting by assignment of the Ohio Supreme Court in the Fourth District.